MARCELINO GONZÁLEZ, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent, and RAMÓN MONTANER, ETC., Appellees.

No. 180. Argued December 18, 1939.—Decided January 31, 1940.

*Virgilio Brunet* and *Miguel A. Casiano* for appellant; *M. León Parra,* for Industrial Commission; *E. Campos del Toro, Acting Attorney General,* and *E. de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal González,* for State Insurance Fund, Respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 8th of September last there appeared in this court Marcelino González, by counsel, and alleged that he had been injured in an accident while working for his insured employer, San Antonio Co.; that he was confined to Clínica San José by order of the insurer, State Insurance Fund; that while there he had a private quarrel with an employee of the clinic and on that account he was expelled from it and deprived of his right to compensation by the Manager of the State Fund, and that, feeling aggrieved by the decision of the Manager of the State Fund, he took an appeal to the Industrial Commission, and the latter, after a hearing on August 25, 1938, upheld the decision of the Manager of the State Fund.

It was further stated in his brief that on September 3, 1938, he moved for reconsideration of the decision of August 25, 1938, invoking his right to hospitalization in view of the condition of his knee and to receive the per-diem allowance for the time that he had been or might be suffering from the injuries; that on September 6, 1938, his counsel filed a more detailed motion for reconsideration, introducing certain questions of fact; that on September 8, 1938, the Commission directed the Manager to have the petitioner confined in a medical institution; that on September 14, 1938, the same Commission decided to grant a hearing so that the questions of law submitted to it could be discussed, which hearing was

held on January 4, 1939, but the Commission failed to pass upon the said questions; that on June 16, 1939, the Commission dismissed the motion for reconsideration because the same was filed after the lapse of ten days, and that on June 24, 1939, he moved the Commission to set aside its decision of June 16, 1939, and to decide the case on its merits, which the Commission refused to do by a decision of August 24, 1939.

On the strength of the above statements the workman claims that the Commission erred in dismissing his motion for reconsideration on the ground that the same had been filed on September 3, 1938, when the ten days allowed by law had not yet expired, and prays, therefore, this court to review and reverse the decisions of the Commission of June 16 and August 24, 1939, and to order said Commission to decide the case on its merits.

The whole question, therefore, hinges upon whether or not the consideration was sought on September 3, 1938, the motion of september 6, 1938, to be considered as supplementary to that of September 3 and not as the only motion filed for reconsideration.

The record of the Commission was sent up to us and it appears from the same that on June 23, 1938, the case of the appellant was actually decided by the Manager of the State Insurance Fund as follows:

"This is a case in which a workman on April 23, 1928, suffered an accident in his work while fixing boards on the floor for piling up hat boxes. He was carrying a board to be placed on the floor when, accidentally, the end of the board struck another pile near by and the workman fell to the ground and sustained a slight injury on the right side of his chest and of his knee.

"The workman was hospitalized in the Clínica San José, owned by Dr. E. García Cabrera, on May 31, 1928.

"To-day the manager of the above clinic has appeared before us and has informed this department that the workman in question brought into the operating room of said clinic a woman, who was neither his wife nor a relative, and because of that they had to warn

him and to order him out of that place. It seems that the workman, who suspected an employee of the clinic of having told on him, on meeting him struck him a severe blow on the face with his fist.

"The attitude assumed by the workman constitutes an inexcusable lack of discipline and shows unwillingness on the part of said workman to duly conform to the regulations of the medical institution where he was hospitalized, for which reason the Manager of the State Insurance Fund, under the authority granted him by law, resolves that this workman must be deprived of his right to any compensation by reason of the accident suffered without prejudice to his receiving the proper medical treatment until he has fully recovered."

The workman took an appeal to the Commission which held a hearing where the workman appeared in person, and on August 25, 1938, the Commission affirmed the decision of the Manager.

The workman was notified on the same day, August 25, 1938, and on the 3rd of the following month of September filed a "Motion for reconsideration," worded as follows:

"The undersigned, Marcelino González, moves the Hon. Industrial Commission to reconsider the decision rendered on August 25 of the current year and requests both the Hon. Industrial Commission and the Hon. Manager of the State Insurance fund to order his hospitalization because my leg is in such a condition that requires my hospitalization for a quicker and more effective recovery. . . and I respectfully promise this Hon. Commisison as well as the Hon. Manager of the State Insurance Fund, although I feel myself innocent of the charges brought against me, if I were hospitalized, to show my good behavior which, I think, would sufficiently justify at least my receiving compensation as from my second admission to the clinic.

". . . . . . . . . ."

Three days afterwards, that is, on September 6 and through his counsel, he filed another "Motion for reconsideration," which filled three typewritten pages, in which he challenged the grounds of the decision sought to be reconsidered, that is, that of August 25, 1938, without the slightest reference to the foregoing motion of September 3.

12

The motion of September 3 was disposed of as follows:

"After considering the motion the Industrial Commission decides to instruct the Manager of the State Insurance Fund to order the hospitalization of the workman in view of the condition of his leg. . ."

Nothing was said about the payment of compensation. As to the motion of September 6, it was decided to hear the parties "concerning the question of law raised."

Next comes a motion filed on October 18, 1938, and a memorandum on January 19, 1939. In both papers the Commission is asked to order the payment to the workman of the per-diem allowance as of June 23 to September 26, 1938.

There comes next the decision of the Commission of June 16, 1938, whereby it was decided that the reconsideration sought did not lie inasmuch as the motion for it had not been filed in time, and the motion of the workman of June 24, 1939, seeking to set aside the decision of June 16, 1939, and this closes the record.

To our mind, the workman is right. Although the motion of September 3, 1938, worded without legal help, lends itself to different constructions and he seems therein to acquiesce in the decision of the Commission of August 25, 1938, and the terms thereof, yet the fact is that not only is it entitled: "for reconsideration," but he expressly moves for "the reconsideration of the decision" and insists on his right to compensation "at least . . . . as from my second admission to the clinic." Its tone is that of supplication rather than that of an assertion of right, yet it shows, however, quite clearly the dissent of the workman and his desire to have the Commission decide the question otherwise.

The spirit of the motion of September 6 is that of a positive claim of a right which he considers to be his, not as a gift but because he is legally entitled to it. That reveals the lawyer, but at bottom the claim is the same as that of the motion filed by the workman on the 3rd (of September),

that is, that he be paid the compensation allowed by law, which, it is contended, could not be taken from him under the law by the Manager of the State Fund. It must be admitted that the point is debatable.

Under such circumstances, as the consideration was sought in time, it seems to us that although the motion for reconsideration subsequently filed fails to make any reference to the former one and looks, from its wording, like a separate motion, the same should be considered a motion supplementary to the first one whose date of filing shall be held to be the starting point for the computation of the term.

Such being the case, it must be acknowledged that the Commission erred in refusing to decide the motion for reconsideration on its merits. The Commission has jurisdiction and the case must be remanded to the Commission so that it may consider and determine the question raised, in accordance with law.